J-S08025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      : PENNSYLVANIA
                                      :
         v.                       :
                                        :
                                        :
TYRONE JOHNSTON               :
                                        :
         Appellant          : No. 2005 EDA 2024

Appeal from the PCRA Order Entered June 25, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1300475-2006

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        : PENNSYLVANIA
                                      :
         v.                       :
                                        :
                                        :
TYRONE JOHNSTON               :
                                        :
         Appellant          : No. 2007 EDA 2024

Appeal from the PCRA Order Entered June 25, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004489-2007

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:           **FILED MAY 2, 2025**

Tyrone Johnston appeals from the order denying as untimely his second

petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A

§§ 9541-46. We affirm.

The pertinent facts and relevant procedural history may be summarized

as follows. On February 26, 2009, following a bench trial, the court found

Johnston guilty first-degree murder and related charges at two separate dockets: At CP-51-CR-1300475-2006, the trial court found Johnston guilty of killing Stephanie Labance (the Labance case) and, at CP-51-CR-0004489-2007, the trial court found Johnston guilty of killing Jamal Conner (the Conner case). That same day, the trial court sentenced Johnston to life in prison for each murder.

Johnston filed separate appeals at each docket; the cases were not consolidated so this Court's consideration of them took different procedural paths although, at times, they intersected. As previously summarized by the PCRA court:

> [At each docket, Johnston's] counsel failed to comply with the briefing schedule as set forth by the Superior Court. On June 17, 2010, the Superior Court dismissed the appeal arising out of the Labance [case]. On July 13, 2010, the Superior Court dismissed the appeal arising out of the Conner [case]. [Johnston's] counsel petitioned the Superior Court to reinstate both appeals. On July 14, 2010, the Superior Court reinstated the appeal arising out of the Labance [case]; on August 11, 2010, the Superior Court reinstated the appeal arising out of the Conner [case]. [Johnston's] counsel submitted briefs in connection with the Labance case, allowing that case to progress forward; on March 20, 2011, the Superior Court affirmed [Johnston's] judgments of sentence on that case. On April 11, 2011, [Johnston] petitioned our Supreme Court for allowance of appeal, which was denied on September 20, 2011. [On July 12, 2012, Johnston filed a PCRA petition.]
>
> Whereas, the Labance appeal reached our Commonwealth's appellate courts on its merits, the Conner [case] was again dismissed by the Superior Court on September 22, 2010, for failure to file a brief. On November 22, 2010, [Johnston] filed a *pro se* [PCRA petition] seeking reinstatement of his direct appeal rights on the Conner case. Due to an administrative error, the Clerk of Courts failed to appoint an attorney to represent

[Johnston] on collateral attack for more than two years. On July 31, 2013, in response to an inquiry in that Court by [Johnston], our Supreme Court issued an order, directing [the PCRA court] to resolve [Johnson's ] pending PCRA [in the Labance case] within 90 days of the date of the order. On August 6, 2013, [PCRA counsel], having been appointed, entered his appearance on Johnston's behalf [at both dockets]. On September 3, 2013, he filed an amended petition, to which the Commonwealth responded[.] In his amended petition, [Johnston] raised two issues: (1)[Johnston] requested the reinstatement of [his] direct appeal rights on the Conner case, and (2) [Johnston] claimed that his trial counsel was ineffective for failing to litigate a speedy trial motion on the Labance case.

PCRA Court Opinion, 4/28/14, at 1-3 (record citations and footnotes omitted).

Thereafter, the PCRA court reinstated Johnston's direct appeal rights in the Conner case, and, after an evidentiary hearing, denied Johnston's PCRA petition in the Labance case. Johnston filed an appeal at each docket. Although the appeals were not consolidated, they were listed consecutively on an argument panel. On March 20, 2015, we affirmed Johnson's judgment of sentence in the Conner case, and affirmed the order denying post-conviction relief in the Labance case. On July 21, 2015, our Supreme Court denied Johnston's petition for allowance of appeal in the Conner case. *Commonwealth v. Johnston*, 118 A.3d 1108 (Pa. 2015).

On January 7, 2016, Johnston filed a *pro se* PCRA petition in the Conner case, and the PCRA court appointed counsel. Thereafter, PCRA counsel filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and a petition to withdraw. After conducting an independent review of the record, the PCRA court granted counsel's petition to withdraw and issued

a Criminal Rule 907 notice of its intent to dismiss Johnston's *pro se* petition without a hearing. Johnston filed a response. By order entered April 21, 2017, the PCRA court dismissed Johnston's petition. Johnston appealed. On September 28, 2018, this Court affirmed the order denying Johnston post-conviction relief. ***Commonwealth v. Johnston***, 198 A.3d 498 (Pa. Super. 2018) (non-precedential decision).

On September 6, 2022, Johnston filed the PCRA petition at issue listing both dockets, his second at each. In this petition, Johnston asserted that a July 26, 2022 letter that he had received from his nephew constituted a newly-discovered fact that would excuse the untimeliness of his second petition. According to this letter, Johnston's nephew asserted that a Commonwealth witness, Mary Beiland, admitted that she testified falsely against Johnston in exchange for leniency on charges she was then facing. In response, the Commonwealth filed an affidavit affirming a review of the district attorney's file uncovered no evidence of such promise. Additionally, the Commonwealth averred that Beiland's criminal cases were resolved in December 2007, more than a year before she testified in Johnston's 2009 bench trial.

On May 13, 2024, the PCRA court issued a Rule 907 notice of its intent to dismiss the second petition without a hearing. Johnston filed a response. By order entered June 25, 2024, the PCRA court dismissed Johnston's second petition because it was untimely filed. This appeal followed. The PCRA court did not require Appellate Rule 1925 compliance.

Johnston raises the following two issues on appeal:

1. Did the PCRA court abuse its discretion when it dismissed [Johnston's] PCRA [petition] as untimely [without] holding an evidentiary hearing to address his claim of after-discovered facts related to the correspondence of [his nephew], where [Johnston] met the requirements of the PCRA's time exception of §9545(b)(1)(ii).

2. Was [Johnston] entitled to an evidentiary [hearing] where he made a strong showing that the Commonwealth violated his right to [confront] his accuser on his claim that the Commonwealth's witness was given a deal for her testimony against [Johnston].

Johnston's Brief at 4.

We first consider whether Johnston's second petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petitioner alleges and proves that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Johnston's judgment of sentence became final on October 19, 2015, ninety days after the time for filing a petition for writ of *certiorari*

expired.[1]  ***See*** U.S.Sup.Ct.R. 13.1; 42 Pa.C.S.A. § 9545(b)(3).   Therefore, Johnston had until October 18, 2016, to file a timely petition.   Because Johnston filed the PCRA petition at issue in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  ***See Hernandez***, ***supra***.

Johnston concedes the untimeliness of his petition, but he asserts that the contents of his nephew's letter establishes the newly-discovered-fact exception to the PCRA's time bar.  42 Pa.C.S.A. § 9545(b)(1)(ii).[2]  This Court has explained the newly-discovered-fact exception to the PCRA's time bar as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did

---

[1] We use the finality of sentence date regarding the Conner case, even though Johnston filed a notice of appeal at each docket number.  Because Johnston's judgment of sentence became final earlier in the Labance case, Johnston's 2022 petition would be even more untimely.  ***See*** Johnston's Brief at 5 (conceding that his judgment of sentence in the Labance case became final on December 19, 2011).

[2] Despite the phrasing of his second issue, in his brief, Johnston "wishes it to be duly noted that his PCRA petition was never based upon §9545(b)(1)(i), and should not have been mentioned by the PCRA court."  Johnston's Brief at 10.  Thus, although both the Commonwealth and the PCRA court addressed the government interference exception, we will not do so.

Nonetheless, even if Johnston had raised this time-bar exception, we agree with the PCRA court that there is nothing in the record or proffered by Johnson to indicate "that such a deal existed, let alone that the prosecution was aware of the existence of such a deal and withheld this information from the defense."  PCRA Court Opinion, 6/25/24, at 3 (unnumbered).

not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Initially, we note that, although the PCRA court did not discuss whether Johnston has exercised due diligence, in order to meet this part of the time-bar exception, "[a] petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." **Brown**, **supra**. Johnston provides no such explanation. Rather, he makes the bare assertion that "he could not have exercised due diligence in ascertaining [the new fact] due to his being incarcerated at the time." PCRA Petition, 6/22/22, at 8. This bare assertion does not, in and of itself, establish due diligence. **See id.**

The PCRA court did conclude, however, that Johnston failed to establish that his nephew's letter included a "new fact." The court explained:

> Instantly, the only evidence offered in support of [Johnston's] time bar claim is a handwritten letter containing a vague and unsupported assertion from an unidentified third party claiming to have heard Ms. Beiland recant her testimony in [Johnston's] case. Nothing in the record or in the evidence shared by [Johnston] supports his "nephew's" account of Ms. Beiland's alleged recantation. Thus, [Johnston] has failed to substantiate the alleged fact at issue and his failure to do so is fatal to his time bar claim.

PCRA Court's Opinion, 6/25/24, at 2 (unnumbered) (footnote omitted). In a footnote, the PCRA court stated that the evidence of record "appeared to potentially contradict" Johnston's claim that Ms. Beiland testified against him in exchange for leniency in her own open criminal cases:

> A document in [Johnston's] filing contains an attestation from an Assistant District Attorney wherein they assert that the only two criminal cases in Mary Beiland's file were resolved in December of 2007, more than a year before she testified in [Johnston's] case on February 25, 2009.

*Id.* at 2 n.2 (citation omitted).

Our review of the record supports the PCRA court's conclusion that Johnston failed to substantiate his newly-discovered fact claim. Additionally, as noted by the Commonwealth, the nephew's letter consists of "double hearsay" that is inadmissible and does not fall within the newly-discovered fact exception. Commonwealth's Brief at 9. *See Commonwealth v. Yarris*, 731 A.2 581, 592 (explaining that a claim "which rests exclusively upon

inadmissible hearsay is not of a type that would implicate the [newly-discovered fact] exception to the timeliness requirement").

In sum, Johnston's second PCRA petition was untimely filed, and he failed to establish a time-bar exception.  Thus, both the PCRA court and this Court lacked jurisdiction to consider its merits.  We therefore affirm the PCRA court's order dismissing Johnston's' petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/2/2025